AO 472  (Rev. 09/08)  Detention Order Pending Trial - Modified

# UNITED STATES DISTRICT COURT

for the

Eastern District of Missouri

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| | ) | Case No.   4:16CR162 JAR (SPM) |
| JOSEPH MASTERS | ) | |
| *Defendant* | ) | |

## DETENTION ORDER PENDING TRIAL

        After conducting a detention hearing under the Bail Reform Act, 18 U.S.C. § 3142(f), I conclude that these facts require that the defendant be detained pending trial.

### Part I—Findings of Fact

☐  (1)   The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has previously been convicted

of    ☐  a federal offense    ☐  a state or local offense that would have been a federal offense if federal

jurisdiction had existed  -  that is

☐   a crime of violence as defined in 18 U.S.C. § 3156(a)(4)or an offense listed in 18 U.S.C. § 2332b(g)(5) for which the prison term is 10 years or more.

☐   an offense for which the maximum sentence is death or life imprisonment.

☐   an offense for which a maximum prison term of ten years or more is prescribed in _____

_____ .*

☐   a felony committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses:

☐   any felony that is not a crime of violence but involves:

☐   a minor victim

☐   the possession or use of a firearm or destructive device or any other dangerous weapon

☐   a failure to register under 18 U.S.C. § 2250

☐  (2)   The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state release or local offense.

☐  (3)   A period of less than five years has elapsed since the    ☐  date of conviction    ☐  the defendant's release

from prison for the offense described in finding (1).

☐  (4)   Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition  will reasonably assure the safety of another  person or  the community.  I further find that the defendant has not rebutted this presumption.

*Insert as applicable:  (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

AO 472  (Rev. 09/08)  Detention Order Pending Trial - Modified

# UNITED STATES DISTRICT COURT

for the

Eastern District of Missouri

## Alternative Findings (A)

☑ (1)    There is probable cause to believe that the defendant has committed an offense

    ☐  for which a maximum prison term of ten years or more is prescribed in __21 U.S.C. §801__ .

    ☐  under 18 U.S.C. § 924(c).

    ☑  involving a minor victim under 18 U.S.C. § __2251, 2252A__ .

☑ (2)    The defendant has not rebutted the presumption established by finding 1 that no condition will reasonably assure the defendant's appearance and the safety of the community.

## Alternative Findings (B)

☐ (1)    There is a serious risk that the defendant will not appear.

☑ (2)    There is a serious risk that the defendant will endanger the safety of another person or the community.

See Statement of Reasons.

## Part II— Statement of the Reasons for Detention

I find that the testimony and information submitted at the detention hearing establishes by ☑ clear and convincing evidence ☐ a preponderance of the evidence that

no condition or combination of conditions will reasonably assure the safety of the victims identified in the Indictment and Complaint Affidavit and the community. Defendant Joseph Masters is a fifty year old lifelong resident of the Eastern District of Missouri. He is not married and has no children. On March 18, 2016, Masters was arrested by St. Ann police after being accused of attempting to sodomize his neighbor's 9 year old daughter. Police searched his home and observed several surveillance cameras throughout the house recording the living room, bedroom, bathroom, and computer room. Police learned through their investigation that Masters frequently had minor children in his home. He was later released without charge. (cont'd next page)

## Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal.  The defendant must be afforded a reasonable opportunity to consult privately with defense counsel.  On order of United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to the United States marshal for a court appearance.

Date:  _____04/18/2016_____

_____
*Judge's Signature*

UNITED STATES MAGISTRATE JUDGE
*Name and Title*

*Insert as applicable:  (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

Pursuant to a search warrant, St. Ann police seized multiple items from Masters' home including a DVR recorder, surveillance cameras, computers, and other computer related equipment. On March 21, 2016, St. Ann police brought their investigation of Masters to the attention of the St. Louis County Police Department's Special Investigations Unit. On or about April 5, 2016, an examination of the computer equipment revealed several videos from the recordings of Masters' surveillance cameras. Among other things, the video recordings depicted Masters masturbating with his penis next to the face of one of several minor children sleeping in his living room. The child in the video is not the same child Masters was accused of attempting to sodomize on March 18th.  Based on the video recordings found on  Masters' computer equipment, on April 6, 2016, Masters was charged in a complaint in Case No. 4:16MJ7106 SPM with one count of production of child pornography; he was taken into federal custody on April 7, 2016.

Following Masters' arrest, the Pretrial Services Office filed a report on April 8, 2016 (Doc. 7). With two exceptions, neither party objected to the facts contained in the pretrial services report. As such, the Court adopts the facts contained in the pretrial services report as modified by the corrections made on the record in open court by defense counsel. Those facts reveal that Masters owned his own photography company for nearly 12 years, from 2001 until the end of December 2012. Since 2013, Masters has owned his own company which provides action rides such as rock climbing walls and bouce houses to children's schools, sporting events and birthday parties. Masters has no prior felony convictions involving minor children; however, in November of 2013, Masters was charged in Carrolton, Texas, with Indecency with a child-contact. The charge was later amended and Masters ultimately pled guilty to Assault, a class C Misdemeanor and was sentenced on June 30, 2015, to 6 months deferred adjudication and a $500 fine. Masters has also been charged in St. Ann, Missouri, without convictions, for indecent exposure and assault 3rd degree.

On April 14, 2016, a federal grand jury returned an indictment charging Masters with one count of production of child pornography. The indictment is based on the same conduct alleged in the criminal complaint. At Masters' arraignment, the United States indicated that it has seized approximately 8 terabytes of video and electronic information from defendant's residence (by some definitions 1 terabyte alone could hold about 300 hours of good quality video or 1,000 copies of the Encyclopedia Britannica!) It is clear that the investigation is ongoing.

On the advice of his attorney, at the time of his arrest, Masters was preparing to leave his residence in light of the altercation he had with his neighbor who accused him of attempting to sodomize her minor daughter. Masters has proposed that, if released, he be permitted to reside with either his mother or 100 year old grandmother, who live approximately 3-4 miles from his home. At the hearing, testimony from Masters' father suggested that Masters' mother and grandmother live "around the corner" from each other; there would be no minors at either the home of Masters' grandmother or mother; that (to the witness' knowledge) there were no children living next door to either Masters' mother or grandmother and no schools in close proximity to either residence. However, at a supplemental hearing on April 15, 2016, the government presented additional evidence that, among other things,  Masters' mother has a personal relationship with the victim named in the indictment; Master's mother also has a personal relationship with the victim's mother and sister and has attempted to speak with the victim about the alleged conduct.

Evidence at the supplemental hearing further demonstrated that there were computers and other media stored at Masters' mother's home; that there are minor children who live next door to Masters' mother; and that the victim named in the indictment attends school less than one mile from Masters' mother's home.

Masters contends that he has rebutted the presumption for pretrial detention by presenting evidence of his ties to the community, family support, corrections to the factual errors in the pretrial services report, and other testimony by his father. Master further contends that this evidence together with conditions such as location monitoring, restrictions on his movement; counseling; a secured bond; and restrictions on his access to computers or the internent provide a basis for pretrial release.

Masters may well have rebutted the presumption that there are no conditions that would reasonably assure the Court that he will appear. However, even if a defendant is not a flight risk, the Court may detain on the basis of danger.

Based on the record as a whole, Masters has not rebutted the presumption that there are no conditions or combination of conditions that will reasonably assure the safety of the community or a person in the community. Although, as defense counsel argued, to date there are no allegations of actual physical contact between Masters and a child, there is strong evidence that Masters is depicted in a video masturbating with his exposed penis in very close proximity to the face of a sleeping child. The evidence before the Court also makes clear that the alleged conduct involves multiple victims and is not limited to the one victim identified in the indictment. The evidence also suggests the conduct may span a much broader period than the period identified in the indictment and complaint affidavit.

Even if the evidence produced by Masters rebutted the presumption, the statutory presumption does not disappear; rather, the court must consider the presumption along with all other evidence and determine whether the evidence as a whole supports pretrial detention. United States v. Abad, 350 F.3d 793, 797 (8th Cir. 2003).  Throughout all, the government retains the burden of proof and the defendant retains the presumption of innocence.  18 U.S.C. § 3142(j). Here, when the presumption in favor of detention is considered together with the record as a whole, I find there are no conditions or combination  of conditions that will reasonably assure the safety of the alleged victims and the community.